<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENESIS LABORATORY MANAGEMENT LLC, <br><br> Plaintiff, <br><br> v. <br><br> UNITED HEALTHCARE SERVICES, INC. and OXFORD HEALTH PLANS, INC., <br><br> Defendants. | No. 21cv12057 (EP) (JSA) <br><br> **OPINION** |

**PADIN, District Judge.**

On June 2, 2021, Plaintiff Genesis Laboratory Management LLC sued Defendants United HealthCare Services, Inc. and Oxford Health Plans, Inc. ("Defendants") alleging that they failed to pay or underpaid Plaintiff for COVID-19 testing and other services provided to Defendants' insureds, plan members, and beneficiaries. D.E. 1 ("Complaint"). On March 6, 2023, the Court granted in part and denied in part Defendants' previous motion to dismiss Plaintiff's Complaint, D.E. 43 ("Opinion"), after which Plaintiff filed an Amended Complaint. D.E. 46 ("Amended Complaint" or "Am. Compl."). Plaintiff now moves for leave to further amend its Amended Complaint. D.E. 90-1 ("Motion to Amend" or "MTA").

Also pending before the Court is Defendants' motion to dismiss the Amended Complaint. D.E. 77 ("Motion to Dismiss"). The Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78; L.Civ.R.78.1(b). For the reasons below, the Court will **GRANT** Plaintiff's Motion to Amend and **TERMINATE** Defendants' pending Motion to Dismiss as moot.

I.      **PROCEDURAL HISTORY**

Plaintiff's first Complaint alleged (1) violations of the Families First Coronavirus Response Act ("FFCRA") and the Coronavirus Aid, Relief, and Economic Security ("CARES") Act; (2) breach of implied contract; (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment and quantum meruit; (5) promissory estoppel; and (6) violations of New Jersey's Healthcare Information Networks and Technologies ("HINT") Act and the Health Claims Authorization, Processing and Payment Act ("HCAPPA"). Opinion at 2-3. This Court previously dismissed *with prejudice* the FFCRA and CARES Act claim, *id.* at 7, and dismissed *without prejudice* the remaining state law claims, explaining that "to the extent [the state law] claims relate to ERISA[1] plans, they are preempted by ERISA." *Id.* at 10. Specifically, the distinction between Plaintiff's reimbursement claims "submitted for services governed by ERISA plans and those not governed by ERISA plans" is "paramount to the survival of Plaintiff's state law claims." *Id.*

Plaintiff's Amended Complaint pleads Count I as an ERISA claim and re-pleads Counts II through V as to non-ERISA plan claims and Count VI as to non-ERISA and fully insured ERISA plan claims. Am. Compl. ¶¶ 54-109. Plaintiff also seeks attorneys' fees under ERISA. *Id.* ¶¶ 110-12. Targeted discovery is ongoing. Plaintiff seeks leave to further amend its Amended Complaint to add allegations regarding summary plan descriptions ("SPDs"), assignments of benefits ("AOBs"), identify examples of ERISA plans at issue, and to update claim counts. MTA at 2. The Court construes Plaintiff's Motion to Amend as a request to further amend its Complaint, resulting

---

[1] The Employment Retirement Income Security Act.

in a superseding Second Amended Complaint.  Defendants oppose.  D.E. 92 ("Opp'n").  Plaintiff replies.  D.E. 93 ("Reply").

## II. LEGAL STANDARD

"Federal Rule of Civil Procedure 15(a) governs requests for leave to amend, allowing a party to amend its pleadings after obtaining the Court's leave or the written consent of its adversary."  *Rivera v. Valley Hosp., Inc.*, No. 15-5704, 2017 WL 916436, at *2 (D.N.J. Mar. 8, 2017).  However, "[w]here a scheduling order governs amendment of the pleadings, that order 'may be modified only for good cause and with the judge's consent.'"  *Sang Geoul Lee v. Wonn II Park*, 720 F. App'x 663, 669 (3d Cir. 2017) (quoting Fed. R. Civ. P. 16(b)(4)).  Good cause largely turns on a party's diligence: typically, "whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion to amend before the deadline expired."  *Lasermaster Int'l Inc. v. Netherlands Ins. Co.*, No. 15-7614, 2018 WL 1891474, at *3 (D.N.J. Apr. 20, 2018).  It is in the Court's discretion "to decide what kind of showing the moving party must make to satisfy" the good cause requirement.  *Staff4jobs, LLC v. List Logistics, LLC*, No. 18-13399, 2021 WL 9667967, at *2 (D.N.J. Nov. 23, 2021).

If the good cause requirement is met, the request for leave must still comport with the more liberal requirements of Fed. R. Civ. P. 15.  *Id.*  Leave to amend under Rule 15 "must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## III. ANALYSIS

The Court's March 6, 2023 Opinion explained the pleadings' ERISA-related deficiencies.  Opinion at 10.  Plaintiff was therefore on notice of the need to adequately allege standing under

3

ERISA, at the earliest, as of the Court's Opinion.  Plaintiff filed its Amended Complaint on April 5, 2023, pleading a new ERISA claim.  Am. Compl.

Per the Court's previous pretrial scheduling order, motions for leave to amend the pleadings were due before November 1, 2023.  D.E. 56 at 3.  Due to Plaintiff's significant delay, Plaintiff's motion is subject to the heightened good cause standard under Fed. R. Civ. P. 16.  Plaintiff's primary argument for leave to amend is that its production of 13,150 AOBs and Defendants' production of 50 SPDs occurred after the original complaint was filed and are connected to the allegations in the original complaint.  MTA at 4-5.[2]  Defendants counter that Plaintiff has not shown diligence, primarily because irrespective of discovery, "it certainly already knew whether it had obtained [AOBs] from patients at the time it performed services for those patients, and it could have pled such facts at the time it initiated this matter."  Opp'n at 7.

Courts "have found good cause despite the fact that the party seeking the amendment had knowledge of the information it sought to include in an amended complaint in advance of a scheduling order deadline." *Physicians Healthsource, Inc. v. Advanced Data Systems Int'l, LLC*, No. 16-3620, 2019 WL 11270470, at *3 (D.N.J. June 12, 2019).  In such instances, the parties provided reasonable explanations for why the information in their possession was not used to timely seek leave to amend.  Plaintiff provides an adequate explanation here.

*Kennedy v. City of Newark*, No. 10-1405, 2011 WL 2669601, at *2 (D.N.J. July 7, 2011) provides guidance.  There, the plaintiff sought leave to amend to add new parties three months after the deadline in the pretrial scheduling order.  *Id.*  The plaintiff conceded that he received knowledge of an officer's identity through written discovery responses prior to the deadline.  *Id.*

---

[2] Although Plaintiff failed to affirmatively address its obligations to show good cause in its moving papers, the Court considers its explanations offered in Reply.

However, the court accepted plaintiff's counsel's explanation that he unsuccessfully attempted to reach defendants' counsel for consent prior to filing; the court did not believe plaintiff "[sat] on his rights to such a degree that 'good cause' to relax the deadline set forth in the Pretrial Scheduling Order [did] not exist." *Id.* at \*2, \*2 n.4. Here, Defendant produced the 50 SPDs throughout targeted discovery. MTA at 4. In addition, although "[a] number of the AOBs came into existence after the Amended Complaint was filed," *id.* at 3, the converse must be true: that a non-insignificant number did not.

*Sabatino v. Union Twp.*, No. 11-1656, 2013 WL 1622306, at \*2 (D.N.J. Apr. 15, 2013) is also helpful. There, the plaintiff sought leave to amend to add parties, despite conceding he possessed that information since the original Rule 26 disclosure. *Id.* However, the court was satisfied because the plaintiff "maintain[ed] that it was unclear from the initial disclosure who the proper parties were" and a later letter from defendants named the individual parties, "thereby providing plaintiff a refined list of parties from who he might seek—and indeed, has sought—to add to the proposed amended complaint." *Id.* The Court notes that Plaintiff here already had a large number of the AOBs in its possession. MTA at 7 ("United has already requested in its discovery requests that Genesis produce the AOBs associated with the disputed claims[.]"). Nonetheless, the Court is satisfied that Plaintiff's identification and production of these AOBs throughout discovery is good cause to permit leave to amend because they are germane to the standing argument in the pending Motion to Dismiss.

While the Court is mindful of the Motion to Amend's seven-month delay, it disagrees that "judicial economy is best served through a ruling upon United's pending Motion to Dismiss." Opp'n at 8. If further amendment could potentially resolve the question of whether Plaintiff has

5

derivative standing under ERISA, the scope of the Court's inquiry could be narrowed and permit the case to be decided on the merits.

## IV.     CONCLUSION

For the reasons above, the Court will **GRANT** Plaintiff's Motion, D.E. 90, and **TERMINATE** Defendants' pending Motion to Dismiss, D.E. 77, as moot. An appropriate Order accompanies this Opinion.

Dated: August 28, 2024

Evelyn Padin, U.S.D.J.

6