**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GENESIS LABORATORY MANAGEMENT LLC,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC. and OXFORD HEALTH PLANS, INC.,<br><br>Defendants. | No. 21cv12057 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Plaintiff Genesis Laboratory Management LLC ("Genesis" or "Plaintiff") brought this action against Defendants United HealthCare Services, Inc. and Oxford Health Plans, Inc. (collectively, "United" or "Defendants") for alleged failure to pay or underpay Genesis for COVID-19 testing and other services provided to Defendants' insureds, plan members, and beneficiaries. D.E. 103 ("Second Amended Complaint" or "SAC"). The Court granted in part and denied in part United's motion to dismiss, dismissing all state law claims and allowing the ERISA[1] claim to proceed only as to plans from United members whose Assignments of Benefits ("AOBs") were effective at the time the lawsuit commenced. D.E. 120 ("Opinion"). Genesis now moves for reconsideration of the Court's Opinion. D.E. 127 ("Motion" or "Mot."). The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1(b). For the reasons below, the Court will **DENY** Genesis's Motion.

---

[1] The Employee Retirement Income Security Act.

# I. BACKGROUND

## A. Factual Background

Genesis is a New-Jersey based molecular diagnostic and anatomic pathology laboratory offering a variety of testing services. SAC ¶ 14. United issues and administers health insurance plans that are funded by plan sponsors in New Jersey. *Id.* ¶¶ 2-4. As an out-of-network provider, Genesis submits reimbursement claims to United when it provides services to its members. *Id.* ¶ 17. Since the start of the pandemic, Genesis provided COVID-19 testing services to patients who are members or beneficiaries of United's health plans, for which it submitted reimbursement claims to United. *Id.* ¶¶ 17, 19.

Between March and May 2020, United paid the majority of claims for COVID-19-related testing. *Id.* ¶ 36. In mid-April 2020, Genesis raised its COVID-19 diagnostic test price from $256.65 per test to $513 per test. *Id.* ¶ 29. Beginning in June 2020, United began "systematically den[ying]" payment of claims, and instead began requesting voluminous documentation, such as clinical records and other supporting documents, for services provided by Genesis. *Id.* ¶¶ 36-37.

Some patients tested by Genesis were enrolled in United health benefit plans governed by ERISA. *Id.* ¶ 47. The other plans, which are not subject to ERISA, are governed by state law. *Id.* ¶ 4. Genesis avers that ERISA plans "incorporate the obligations that Congress created under the FFCRA[2] and the CARES Act[3] to reimburse out-of-network laboratories" like Genesis. *Id.* ¶ 50. Genesis also alleges that patients who obtained its services "normally executed assignment of benefit forms in connection with their requests to receive testing services," *id.* ¶ 56, and provides sample language from AOBs, *id.* ¶¶ 57-58.

---

[2] The Families First Coronavirus Response Act, Pub. L. No. 116-127, § 6001, 134 Stat. 178 (2020).
[3] The Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 3202, 134 Stat. 281 (2020).

### B. Procedural History

This action was first filed on June 2, 2021. D.E. 1. Genesis's initial Complaint alleged (1) violations of the FFCRA and the CARES Act, (2) breach of implied contract, (3) breach of the covenant of good faith and fair dealing; (4) unjust enrichment and quantum meruit; (5) promissory estoppel; and (6) violations of New Jersey's Healthcare Information Networks and Technologies ("HINT") Act and the Health Claims Authorization, Processing and Payment Act ("HCAPPA"). D.E. 43 at 2-3 (citing D.E. 1). This Court previously dismissed *with prejudice* the FFCRA and CARES Act claim, *id.* at 7, and dismissed *without prejudice* the remaining state law claims, noting that "to the extent [the state law] claims relate to ERISA plans, they are preempted by ERISA." *Id.* at 10. Genesis filed a First Amended Complaint, D.E. 46, which pleaded Count I as an ERISA claim and re-pleaded Counts II through V as to non-ERISA plan claims and Count VI as to non-ERISA and fully insured ERISA plan claims. *Id.* ¶¶ 54-109.

While United's previous motion to dismiss was pending, D.E. 77, Genesis moved for leave to further amend the Amended Complaint. D.E. 90. The Court granted Genesis's motion. D.E. 101. Genesis's Second Amended Complaint followed. SAC. Defendants moved to dismiss the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). D.E. 106. The Court granted in part and denied in part the motion. Opinion. Genesis now moves for reconsideration pursuant to Local Civil Rule 7.1. Mot. United opposes. D.E. 134 ("Opp'n").

## II. LEGAL STANDARD

Motions for reconsideration are not expressly authorized by the Federal Rules of Civil Procedure. However, this District permits such motions under Local Civil Rule 7.1(i) as "an extraordinary remedy that is [to be] granted very sparingly." *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (cleaned up). "Motions for reconsideration exist

to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Mid-Am. Salt, LLC v. Morris Cnty. Coop. Pricing Council*, 964 F.3d 218, 230 (3d Cir. 2020) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

However, reconsideration motions "may not be used to re-litigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry" of the initial decision. *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) requires a party to "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *See also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term[.]"); *Kraft v. Wells Fargo & Co.*, No. 16-5729, 2018 WL 1522733, at *2 (D.N.J. Mar. 28, 2018) (citing L. Civ. R. 7.1(i)) (noting that if a party claims something was "overlooked," it must be related to "some dispositive factual or legal matter"). Finally, mere disagreement with the Court's decision is not a basis for reconsideration. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

## III. ANALYSIS

### A. Genesis Has Not Set Forth a Valid Basis for Reconsideration

#### *1. The Court will not reverse its finding that retroactive AOBs cannot confer standing*

The Court previously held that Genesis adequately pled derivative standing under ERISA by providing sample language from AOBs, but that AOBs executed after the commencement of litigation cannot retroactively confer standing. Opinion at 6 (citing *Reisinger v. Seneca Specialty Ins. Co.*, No. 07-1221, 2011 WL 2433681, at *5 (M.D. Pa. June 14, 2011)). Genesis asks this Court to change its position and instead follow its authorities cited in opposition to United's previous motion to dismiss. Mot. at 5-6. The Court considered persuasive authorities—as no binding precedent dictated its course—and ruled accordingly. Genesis offers no controlling decision of law that the Court overlooked, and its argument instead amounts to "a recapitulation of arguments considered by the court before rendering its decision," which the Local Rule "does not contemplate." *In re Gabapentin Patent Litig.*, 432 F. Supp. 2d 461, 463 (D.N.J. 2006). "[C]ourts in this District routinely deny motions for reconsideration that simply re-argue the original motion." *Altana Pharma AG v. Teva Pharm. USA, Inc.*, No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009) (citing *Fellenz v. Lombard Inv. Corp., et al.*, 400 F. Supp. 2d 681 (D.N.J. 2005)). This Court will do the same.

#### *2. The Court declines to adopt Genesis's preferred legal theory*

Genesis alleges that in the alternative, it need not plead the existence of AOBs to demonstrate derivative standing under ERISA because the FFCRA and the CARES Act "obviate[] the need for providers to obtain a specific assignment of ERISA benefits from patients to be entitled to seek reimbursement from the plan or to be entitled to bring an action under ERISA." SAC ¶ 59. In opposition to United's motion to dismiss, Genesis did not cite any legal authority

supporting its position and merely argued that non-precedential cases rejecting such a legal theory were improperly decided. Opinion at 5 n.4. The Court accordingly declined to unilaterally determine the question in the absence of Third Circuit precedent. *Id.* Genesis provides no new controlling authority now and instead "requests the Court reconsider its decision not to decide this question." Mot. at 8. The Court will not. *See United States v. Jenkins*, No. 13-646, 2022 WL 2657139, at *1 (D.N.J. July 8, 2022) ("[Genesis's] motion does not fall within any of the three categories authorizing a motion for reconsideration.").

*3. The Court will also not disturb its previous dismissal of the implied contract claim*

The Court dismissed Genesis's breach of implied contract claim because it held that Genesis failed to adequately allege a course of conduct such that it could "discern the parties agreed on essential terms." Opinion at 11. Genesis asks this Court to reconsider its dismissal of Genesis's breach of implied contract claim because "the determination of whether United's practice of direct reimbursement to Genesis was sufficient to allege a course of conduct is a fact question for the jury's determination." Mot. at 9 (citing *Melone v. Cryoport Inc.*, No. 23-3243, 2024 WL 1743108, at *11 (D.N.J. Apr. 23, 2024)). It also avers that the Court did not consider two paragraphs in the Second Amended Complaint, which it believes "establish[es] a course of dealing." Mot. at 10 (citing SAC ¶¶ 81-82).

As to the first point, the Court is unpersuaded because Genesis has failed to "show more than a disagreement with the Court's decision." *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). As to the second point, the Court adequately addressed the gravamen of Genesis's position and rejected as insufficient its allegations that the parties created "enforceable contracts," which requires agreement on essential terms, including price and duration. Opinion at 11 (quoting *Baer v. Chase*, 392 F.3d 609, 619 (3d Cir. 2004)). Genesis did not do this despite multiple attempts at

amendment. Its efforts now to resuscitate its claim based on two allegations that United previously paid for non-COVID testing services, Mot. at 10 (citing SAC ¶¶ 81-82), is not a matter overlooked that "if considered by the court, 'might reasonably have altered the result reached . . . .'" *Degnan*, 748 F. Supp. at 275 (quoting *New York Guardian Mortgage Corp. v. Cleland*, 473 F. Supp. 409, 420 (S.D.N.Y. 1979)). Further, as United points out, Opp'n at 7, "[a]n argument is not deemed overlooked because it is not specifically addressed in a court's opinion." *United States ex rel. Simpson v. Bayer Corp.*, No. 05-3895, 2015 WL 3618295, at *2 (D.N.J. June 9, 2015).

Genesis also notes that United has "taken the position that the dismissal of Count II results in the dismissal of claims for services to Medicare and Medicaid beneficiaries covered by United managed care plans for COVID and non-COVID testing services." Mot. at 10. It asks the Court to clarify what effect its order has on these claims. The Court is unsure what Genesis is asking, but surmises it fashions its request differently: that because the claim amounts to approximately $2 million of payment, the Court should reconsider its holding. *Id.* In any event, as the Court's Order made clear, the ERISA claim survives as to plans from United members whose AOBs were effective at the time the lawsuit commenced. D.E. 121. That is the effect of the Order.

### B. The Court Will Not Enter Partial Final Judgment

Lastly, Genesis asks the Court to enter partial final judgment as to the dismissed claims in Counts I and II. Mot. at 12. The Court exercises its discretion and declines to do so. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 9 (1980).

## IV. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, it is

**ORDERED** that Genesis's Motion, D.E. 127, is **DENIED**.

Dated: August 11, 2025

Evelyn Padin, U.S.D.J.